<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1144**

ZORA BACKOULAS-SPRING,

              Petitioner,

     v.

MICHAEL B. MUKASEY, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 23, 2008        Decided: August 29, 2008

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Eric H. Singer, Rockville, Maryland, for Petitioner. Gregory G. Katsas, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Kristin K. Edison, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zora Backoulas-Spring ("Backoulas"), a native and citizen of the Republic of Congo, petitions for review of an order of the Board of Immigration Appeals ("Board"). Backoulas challenges the Board's order adopting and affirming the immigration judge's denial of a waiver of inadmissibility under 8 U.S.C. § 1159(c) (2006), and her ruling that Backoulas' prior conviction was for a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B) (2006), rendering him ineligible for withholding from removal. Backoulas argues the immigration judge used evidence beyond the record supporting his attempted burglary conviction to make the determinations that he was dangerous and his conviction was particularly serious. Finding no legal error, we deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(ii) (2006), this court lacks jurisdiction to review any discretionary decision denying relief, such as the denial of a waiver of inadmissibility or the determination that a conviction is for a particularly serious crime. This court does have jurisdiction, however, to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D) (2006).

We have reviewed the issues Backoulas raises with respect to the standards employed by the immigration judge in determining Backoulas was dangerous based on his attempted burglary conviction. We see no error of law, as the correct standard was used. Insofar

as the immigration judge found Backoulas' crime was dangerous, we lack jurisdiction to review that discretionary decision.

Likewise, we find no error with respect to the standard the immigration judge used to find Backoulas' attempted burglary was a particularly serious crime. We lack jurisdiction to review the immigration judge's ultimate, discretionary conclusion.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED